IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CORTERIOUS Q. BROWN                                                                       PLAINTIFF

v.                                             Civil No. 4:17-cv-04102

CODY FERGERSON, Detective
Prescott Police Department;
and ALEX GAMBLE, Officer
Prescott Police Department                                                              DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his original Complaint on November 20, 2017, in the Eastern District of Arkansas. (ECF No. 1). The following day the case was transferred to the Western District, Texarkana Division. (ECF No. 3). In response to the Court's order, Plaintiff filed an Amended Complaint on December 15, 2017.[1] (ECF No. 7). At the time Plaintiff filed his Amended Complaint, he was incarcerated in the Nevada County Detention Center.[2]

According to Plaintiff's Amended Complaint, "Det. Cody Fergerson, [a detective with the Prescott Police Department,] told me that he knew I did not have anything to do with the crime

---

[1] The Court also directed Plaintiff to file a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 5). Plaintiff filed his motion to proceed IFP, and the Court granted the motion on January 5, 2017. (ECF Nos. 8, 10).
[2] On December 27, 2017, mail sent to Plaintiff was returned to the Court as undeliverable with no forwarding address. (ECF No. 9).

1

and I have proof to prove my innocents." ECF No. 7, p. 4.  Plaintiff further states that Detective Fergerson is forcing him to take a lie detector test and that the suspect has confessed that Plaintiff had nothing to do with the crime.  ECF No. 7, p. 4.  Plaintiff alleges that Alex Gamble, a Prescott police officer, has stated that Plaintiff has nothing to do with the crime.  ECF No. 7, p. 5.  Plaintiff complains that despite his innocence and Defendants' knowledge of his innocence, he is still being detained.  ECF NO. 7, p. 4.  Plaintiff claims that Defendants Fergerson and Gamble are violating his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff is suing Defendants in their individual and official capacities.  He is seeking compensatory and punitive damages.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III. DISCUSSION

Plaintiff asserts a claim of false arrest against Defendants. This claim, which challenges the validity of the pending state criminal proceedings against Plaintiff, is barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971).

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). In federal cases like this one where only damages are sought, "traditional abstention principles generally require a stay as the appropriate mode of abstention." *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)). This is true "[a]s long as there may be issues which will need to be determined in federal court." *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999). However, a limited exception applies to allow dismissal under *Younger* where an award of damages would require the federal court to first declare a state statute unconstitutional or to overturn a state court judgment on a matter of state policy. *Night Clubs, Inc.*, 163 F.3d at 482. The *Younger* abstention doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary

circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to this case because Plaintiff's claim involves an ongoing state judicial criminal proceeding against Plaintiff, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he cannot raise his constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv-0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). There is also no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate. Because Plaintiff seeks only monetary damages, traditional abstention practices generally favor a stay of this case rather than outright dismissal, and no exceptions apply requiring dismissal. *See Night Clubs, Inc.*, 163 F.3d at 481. Thus, the Court will stay and administratively terminate this federal case until the pending state criminal charges are resolved. *See Yamaha Motor Corp., U.S.A.*, 179 F.3d at 603-04; *Conley*, 2015 WL 4096152, at *1; *Dunkin v. Morales*, No. 1:11-cv-0010-JMM, 2011 WL 719016, at *2 (E.D. Ark. Feb. 22, 2011).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's case is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED.** If Plaintiff wishes to pursue his claims in this case after the state criminal proceedings have concluded, he may file a motion to reopen this case at that time.

**IT IS SO ORDERED**, this 26th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge